UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cr-00016-HSM-SKL-2 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL LYNN LODEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is an amended motion to compel discovery filed by Defendant Michael Lynn Loden ("Defendant"), which incorporated by reference all arguments made in his original motion to compel [Doc. 47]. The United States of America (the "Government") filed a response in opposition to the amended motion [Doc. 52]. Defendant did not file a reply, and the time for doing so has passed. This matter is now ripe. For the reasons stated below, the Court will **DENY** the amended motion.

I. BACKGROUND

On November 15, 2017, Rhea County law enforcement officers seized methamphetamine ("meth"), weapons, money and other paraphernalia from co-defendant Rebecca Stampe's residence [Doc. 40 at Page ID # 127-28]. Ms. Stampe was arrested and had been in custody since November 17 [Doc. 47 at Page ID # 152]. She implicated Defendant as a customer of hers who had purchased distribution quantities of meth [Doc. 40 at Page ID # 128].

Investigating Ms. Stampe's information, law enforcement officers conducted several controlled buys in December 2017 and January 2018, wherein Defendant allegedly sold meth to a confidential informant [Doc. 52 at Page ID # 166]. On January 20, 2018, officers executed a search

warrant at Defendant's residence,[1] where they discovered meth and cash [*see id*. at Page ID # 166]. Defendant was eventually indicted in this case for possession of meth with intent to distribute arising from the January 20 search and for conspiracy to distribute meth with Ms. Stampe "and others known and unknown to the Grand Jury" between January 1, 2017, and January 20, 2018 [Doc. 14].

In his amended motion to compel, Defendant argues the Government is required to produce any photographs or audio/video recordings of the controlled buys pursuant to Federal Rule of Criminal Procedure 16, parts (a)(1)(B)(i) and (a)(1)(E)(i) [Doc. 47]. In response, the Government admits it has audio recordings of at least some of the controlled buys (no photographs or videos), but argues it should not be required to produce the recordings because doing so would expose the identity of the confidential informant, and the recordings would not substantively assist Defendant in his defense [Doc. 52]. The Government emphasizes that it does not plan to rely on the recordings or call the confidential informant as a witness, that Defendant has not been charged for the alleged sales to the confidential informant, and that the recordings "do not contain any exculpatory material that would suggest that [D]efendant is innocent of the charged drug conspiracy and possession-with-intent to distribute offense." [*Id.* at Page ID # 167].

## II. STANDARDS

There is no general constitutional right to discovery in a criminal case, and *Brady v. Maryland*, 373 U.S. 83 (1963), did not create one. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (citation omitted). Federal Rule of Criminal Procedure Rule 16 provides a mechanism for

---

[1] The affidavit for the search warrant describes the property as Defendant's residence [Doc. 47-1]. Defendant states the property is owned by his mother [Doc. 43].

pretrial discovery and inspection. *See United States v. Turner*, 274 F. Supp. 412, 417 (E.D. Tenn. 1967). As mentioned, Defendant relies on two parts of Rule 16: (a)(1)(B)(i), and (a)(1)(E)(i).

Rule 16(a)(1)(B)(i) generally requires the Government to disclose and make available for inspection and copying, "any relevant written or recorded statement by the defendant" that is within the government's control. This Court has construed the relevance requirement as being "very broad," and as coterminous with the definition in Federal Rule of Evidence 401. *United States v. Parks*, No. 1:08-CR-58, 2009 WL 1617010, at *3-4 (E.D. Tenn. June 9, 2009). Indeed, the Court noted Rule 16(a)(1)(B)(i) "gives a 'defendant virtually an absolute right' to his own recorded statements 'in the absence of highly unusual circumstances that would otherwise justify a protective order.'" *Id.* at *3 (quoting *United States v. Pesaturo*, 519 F. Supp. 2d 177, 188 (D. Mass. 2007)) (other citations omitted).

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the disclosure of any "data" or "item" in the Government's possession, not just a defendant's recorded statements, but only if "the item is material to preparing the defense." The United States Supreme Court has narrowly construed "defense" to mean only a "defendant's response to the Government's case in chief." *United States v. Gibbs*, 646 F. App'x 403, 412 (6th Cir. 2016) (citing *United States v. Armstrong*, 517 U.S. 456, 462 (1996)) (internal quotation marks and other citations omitted). "In other words, 'the defendant's defense' encompasses only that part of the defendant's defense which refutes the government's arguments that defendant committed the crime charged." *United States v. Jordan*, No. 3:06-CR-102, 2007 WL 1849985, at *10 (E.D. Tenn. June 25, 2007) (citing *Armstrong*, 517 U.S. at 463); *see also United States v. Parks*, No. 1:08-CR-58, 2009 WL 1617010, at *3 (E.D. Tenn. June 9, 2009). When determining whether an item is material to preparing the "defendant's defense," courts consider "the logical relationship between the information withheld and the issues

3

in the case, as well as the importance of the information in light of the evidence as a whole." *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) (citation omitted). A defendant must present more than "merely conclusory arguments concerning materiality." *Id.* (quoting *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991) (internal quotation marks omitted)).

In tension with these disclosure requirements is the Government's "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citations omitted). There is "no fixed rule" for determining whether the privilege should trump disclosure; rather courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (quoting *Roviaro*, 353 U.S. at 62 (internal quotation marks omitted)). "When 'disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.'" *United States v. Doxey*, 833 F.3d 692, 706 (6th Cir. 2016) (quoting *Roviaro*, 353 U.S. at 60-61). "The defendant has the burden to show how disclosure of the informant would substantively assist his defense." *United States v. Flowers*, 712 F. App'x 492, 508 (6th Cir. 2017) (internal quotation marks and citation omitted). One factor is whether the informant is an active participant "in the underlying alleged crime," versus "a mere tipster or introducer," the former of which will more often require disclosure. *Doxey*, 833 F.3d at 707 (quoting *United States v. Sharp*, 778 F.2d 1182, 1186 n.2 (6th Cir. 1985) (per curiam)).

## III. ANALYSIS

The parties do not appear to dispute that, if Defendant's statements are discoverable, then the entire conversation is discoverable, including the confidential informant's statements. *See Pesaturo*, 519 F. Supp. 2d at 187 (Rule 16 cannot "reasonably be read to allow the government to withhold [the non-defendant's] side of the conversation." (quoting *United States v. Lanoue*, 71 F.3d 966, 974 (1st Cir. 1995) (internal quotation marks omitted; alteration in original)). The parties also do not appear to dispute that the confidential informant's identity would be obvious to Defendant if he was provided with the recordings. Thus, the Court must determine whether Defendant has shown disclosure of the recordings will substantively assist him or that disclosure is essential to a fair trial.

In *Parks*, a case cited by both parties, this Court held that an audio recording of a controlled buy was not discoverable under Rule 16(a)(1)(B)(i). The controlled buy, a purchase of crack cocaine, was the basis for a separate arrest warrant. *Parks*, 2009 WL 1617010, at *1. About a week after the controlled buy, officers stopped Parks (a known felon) to execute the warrant. They observed a firearm in plain view and arrested him for possessing the firearm. They then searched him incident to the arrest and discovered he possessed at least five grams of cocaine base. *Id.* He was eventually charged in federal court for possession of the gun and the cocaine base, and he moved the court to compel the disclosure of the recording of the crack cocaine controlled buy. The court held:

> The undersigned concludes disclosure of the audio recording of the June 8, 2007 controlled buy is not essential for a fair trial for the defendant. As previously noted, the defendant is not charged with a crime arising from the June 8, 2007 controlled buy. Defendant is charged with possession of an illegal substance with intent to distribute, possession of a firearm in furtherance of a drug crime, and being a felon in possession of a firearm—all for conduct occurring on June 15, 2007. The CI was not involved in any way in

5

> the crimes for which defendant is charged. . . . Thus, the undersigned concludes defendant has not met his burden to show that his need for the audio recording of the June 8, 2007 controlled buy outweighs the public interest in encouraging and protecting confidential informants.

*Id.* at *5 (citation omitted).

Defendant in this case was likewise not specifically charged for the transactions recorded during the controlled buys. But *Parks* is nevertheless distinguishable because here, Defendant is charged with participating in a meth distribution conspiracy that lasted from January 1, 2017, until January 20, 2018—a range of time that covers all of the controlled buys in this case. Thus, it is not clear that Defendant did not (allegedly) sell meth to the confidential informant in furtherance of the meth distribution conspiracy, and it therefore cannot be said, at least on the current record, that the confidential informant who allegedly purchased meth from Defendant "was not involved *in any way* in the crimes for which defendant is charged." *Id.* (emphasis added). The separation between the confidential informant and the crimes charged in this case is not as distinct as in *Parks*.

In *Pesaturo*, another case cited by both parties, the court ordered the government to formally disclose the identity of a confidential informant and to produce recorded conversations between Pesaturo and the informant. 519 F. Supp. 2d at 186-87, 189. The defendant was charged with distributing Oxycodone and conspiracy to distribute Oxycodone, and his only defense was entrapment by the informant. The court found that revealing the identity of the informant was essential to the entrapment defense, and once the informant's identity was revealed, there was no justification for withholding the recorded conversations. *Id.* at 186, 189. The court went on to state:

> *Roviaro* has no application to this request [for the recorded conversations] in light of my ruling on the request for disclosure of the identity of the informant. Nonetheless, for the sake of completeness, I will address *Roviaro* as it pertains to the recorded

6

> conversations. For largely the same reasons discussed above, the *Roviaro* balancing favors the defendant. He seeks disclosure of his own statements made during the period of criminal conduct alleged in the Indictment to a Government informant regarding the offenses charged. And, he knows and has known the identity of the informant for a substantial period of time, which in this case mitigates the safety concerns advanced by the Government.

*Id.* at 189.

*Pesaturo* is easily distinguishable due to the entrapment defense. Moreover, as the Government points out, Pesaturo was charged with conspiracy *and* distribution offenses, and the court noted that the recorded conversations not only took place "during the time period of the alleged conspiracy generally, but they occurred during the time period of the four specific sales alleged in the Indictment." *Id.* at 188. The court further noted that the substance of the conversations was relevant to the entrapment defense as well as to the elements the government was required to prove. *Id.* The level of involvement of the confidential informant and the apparent relevance of the recorded conversations in the case at bar thus fall somewhere between *Parks* and *Pesaturo*, and much closer to *Parks*.

*United States v. Banks*, No. 08-CV-20209, 2008 WL 2858735 (E.D. Mich. July 23, 2008), is factually similar to *Parks*. In *Banks*, a confidential informant recorded three controlled heroin buys, which supported the issuance of a search warrant. The buys all took place between April 2, 2008, and April 5, 2008; the warrant was issued on April 7, 2008. *Id.* at *1. Officers executed the warrant and searched the subject residence on April 8, 2008. After the search, they charged Banks with being a felon in possession of a firearm, possession of heroin with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. *Id.* at *1-2. Banks moved to compel the government to provide him with the April 2-5 recordings made by the informant, arguing they were relevant under Rule 16(a)(1)(B)(i) because "they may implicate constitutional

7

issues in the case, as well as the ultimate issue of guilt or innocence." *Id.* at *1. Without considering the informant privilege issue, the court found Banks's argument "insufficient," and denied the motion on relevance grounds, reasoning:

> The government states that it does not intend to use any of the recorded statements as evidence that Banks possessed heroin and a firearm at the Northlawn residence, as charged, on August 8, 2008. Banks does not advance a specific argument as to how the April 5, 2008 or earlier recorded statements have a tendency to make the existence of his alleged possession of heroin and a firearm on April 8, 2008 more probable or less probable than without the recorded statements.

*Id.* at *2 (citing *United States v. Clark*, 957 F.2d 248, 252 (6th Cir. 1992)).

In this case, Defendant argues the recordings are relevant and the factors weigh in favor of disclosure because:

> the dates of the controlled buys and the substance of the conversations will be utilized to rebut the Government's allegation that [Defendant] was engaged in a conspiracy to distribute meth[] with co-Defendant Rebecca Stampe for a period of almost a year, concluding on January 20, 2018. Rebecca Stampe was arrested and has been in custody since November 15, 2017. As such, the information contained on these recordings [is] relevant to the term and extent of the conspiracy alleged in Count One.

[Doc. 47 at Page ID # 152-53]. Defendant further states that he "believes" he already knows the identity of the confidential informant, and that given the number of controlled buys and other information the informant gave to law enforcement about Defendant, the confidential informant was "an active participant in criminal activity." [*Id.* at 153].

After careful consideration, the Court finds Defendant's arguments insufficient to overcome the Government's privilege against disclosing the identity of the confidential informant. The Government represents that it "will not use the recordings or call the informant at trial" to show the length of the conspiracy or otherwise, but will instead rely on Ms. Stampe's testimony,

8

Defendant's own admissions, and Defendant's possession of meth on January 20, 2018[2] [Doc. 52 at Page ID # 167, 169]. Defendant fails to explain how the controlled buys would tend to rebut this proof or bolster his position that the alleged conspiracy ended sooner than the Government alleges. He simply points out Ms. Stampe was in custody for the last two months of the alleged conspiracy—a fact he will also be able to rely on at trial.

Admittedly, given the fact that the controlled buys all took place during the pendency of the alleged conspiracy to distribute meth, the role of the confidential informant in this case is probably somewhere between a mere "tipster" and an "active participant in the events underlying [Defendant's] potential liability." *Doxey*, 833 F.3d at 707-08 (quoting *Sharp*, 778 F.2d at 1186 n.2 (internal quotation marks omitted)). But the confidential informant was certainly not a full-blown "active participant," because Defendant is not being charged for selling meth to the informant. The information supplied by the confidential informant, including the recordings of the controlled buys, does not form the basis for Defendant's charges—rather, as mentioned, the drugs discovered at Defendant's residence, Defendant's statements, and Ms. Stampe's statements do. *See United States v. Smith*, No. 3:08-CR-111, 2009 WL 3584944, at *3 (E.D. Tenn. Oct. 22, 2009) ("If the evidence forming the basis of a defendant's charges is 'secured by government agents personally and [is] in no way depend[e]nt on any informer[,]' the Government does not have to produce the informant." (quoting *United States v. Craig*, 477 F.2d 129, 131 (6th Cir. 1973))). While Defendant claims that he "believes" he already knows the confidential informant's

---

[2] The Government does not *expressly* state it will not attempt to use the search warrant affidavit or otherwise present evidence of the controlled buys to prove any and all aspects of the conspiracy charge. Nevertheless, the Court infers from the Government's brief that it does not plan to do so. If this inference is incorrect, the Government should alert Defendant and the Court as quickly as possible so that any properly-supported motion for reconsideration may be addressed.

identity, such a claim begs the question since that belief has not been confirmed or denied by the Government.

In his original motion to compel, which the Court terminated as moot once the amended motion was filed [Doc. 51], Defendant stated that he "may seek to file a motion to suppress the evidence obtained from his mother's residence on January 20, 2018 as a result of deficiencies in the warrant, and therefore it is essential for him to have the information regarding the controlled buys to determine whether the officer's affidavit is corroborated by the audio/video recording." [Doc. 43 at Page ID # 139]. Defendant represented that his "primary concern" in getting the recordings was to file a motion to suppress the evidence obtained in the January 20, 2018, search [*id*. at Page ID # 142-43]. Without any supporting authority, he contends the audio recordings of the controlled buys are "necessary for the preparation and argument" of such a motion [*id*.]. Defendant, however, has not requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1976), or made a substantial preliminary showing or even an argument that the search warrant affidavit contains intentionally or recklessly false statements or lacks probable cause. He simply criticizes the level of detail about the dates and times provided in the affidavit. Like his other arguments, this one also is insufficient to overcome the Government's privilege in protecting the identity of the confidential informant in this case.

Finally, the parties both separately address the issue of whether Rule 16(a)(1)(E)(i) would require disclosure under the materiality standard described above. The Court has determined the Government's privilege against disclosing the identity of the confidential informant should not give way in this case. Accordingly, it is unnecessary to further address whether the recordings are material to the defense, and the Court declines to do so.

## IV. CONCLUSION

For the foregoing reasons, Defendant's amended motion to compel discovery [Doc. 47] is **DENIED**.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE